IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| SADIE POPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| STONE CREEK HOMES, INC., | ) | 00-C-0112-W |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION DENYING ALTERNATIVE
MOTION TO STAY OR DISMISS**

Defendants Stone Creek Homes, Inc. ("Stone Creek"), Green Point Credit Corporation, and BankAmerica Housing Services, a division of Bank of America, FSB ("Bank of America"), have separately moved the Court to either dismiss Plaintiff's complaint or to stay it and compel arbitration. Based on the discussion which follow, the motions will be denied.

I

On October 13, 1997, Plaintiff Sadie Pope bought a new manufactured or mobile home from Stone Creek Homes. At the closing, Stone Creek presented Plaintiff with only four pages of three of the six-pages Retail Installment Contract and Security Agreement ("the contract") - specifically, she was shown pages 2, 3, and 6 of the document, together



with the application for Certificate of Title.[1] She was informed by the Stone Creek salesman, John Phelps, that these four sheets constituted the entire contract. She maintains that it was some six months after delivery of the mobile home that, on her request for copies of all of the relevant documents - including warranty information, she "learned that there were additional pages and contract terms that I had never seen." Affidavit of Sadie Pope, p. 2.

Neither page 2 nor page 4 of the contract mentions arbitration. However, Page 6 embodies the following language:

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF, RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**YOU AND I HAVE READ AND FULLY UNDERSTAND THIS CONTRACT, INCLUDING THE PARAGRAPH CALLING FOR RESOLVING DISPUTES BY ARBITRATION, REFERENCE, OR TRIAL BY A JUDGE, AND NOT BY JURY TRIAL, AND AGREE THAT THIS CONTRACT SETS FORTH OUR ENTIRE AGREEMENT AND THAT NO OTHER PROMISES HAVE BEEN MADE.**

This page also reflects that the contract was being assigned to the Creditor, who is reflected on page 1 as Defendant BankAmerica, FSB.

After taking delivery of the mobile home, Plaintiff has experienced serious problems with it. According to Plaintiff "...there is a hole in my roof located in my master

---

[1] In passing on the motion to dismiss, the Court views the facts in a light most favorable to Plaintiff.

bedroom. Whenever it rains, a stream of water pours into the room." *Id*. This problem became evident within the first few months of the purchase of the home and has gotten progressively worse. She says that because of Stone Creek's failure to install the air conditioning, the mobile home is uninhabitable during the heat of summer, and she often must leave the home and move in with her mother.

Plaintiff is now in Chapter 13 bankruptcy.

Pages Four and Five of the contract contain the following arbitration provisions:

> ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:
>
> a. Dispute Resolution. Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.
>
> b. Arbitration. Since this Contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in

3

accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of arbitrator(s) shall follow the law and shall give effect to statutes or limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

c. Judicial Reference or Trial by a Judge. If requested by either you or me, any controversy or claim under subparagraph (a) that is not submitted to arbitration as provided in subparagraph (b) shall be determined by reference to a referee appointed by the court who, sitting alone and without jury, shall decide al questions of law and fact. You and I shall designate to the court a referee selected under the auspices of the AAA in the same manner as arbitrators are selected in AAA-sponsored proceedings. The referee shall be an active attorney or retired judge. If the court where the controversy is venued lacks the power to appoint a referee, the controversy instead shall be decided by trial by a judge without a jury.

II

BankAmerica maintains that under Ala. Code §§ 7-9-371, *Lawson State College v. First continental Leasing Corp. et al.*, 529 So. 2d 926 (Ala. 1988), Plaintiff has no right of affirmative recovery against it as the assignee of the contract. But the rub is that these statutes and the cited case do not preclude a contractual liability by BankAmerica to assume such liability! Here, BankAmerica is listed as the Creditor on the first page of the contract, and on the final page (which includes the actual assignment). Unlike the second and third assignees in *Lawson State*, was familiar with the contract at issue from its

inception.

Law is legion for the proposition that an <u>agreement to arbitrate</u> is a prerequisite for arbitration. 9 U.S.C. § 4; *AT&T Tech, Inc. v. Communications Workers of America*, 475 U.S. 643, 647 (1986); *Capital Inv. Group, Inc. v. Woodson*, 694 So. 2d 1268 (1997); *A.G. Edwards & Sons v. Clark*, 558 So. 2d 358 (Ala. 1990).  Here, the Court cannot find that Plaintiff has agreed to arbitrate he dispute with either Stone Creek or BankAmerica.

Accordingly, the motions to compel arbitration will be denied.

By separate order, the motions to dismiss or alternatively to compel arbitration will be denied.

DONE this 26th day of September, 2000.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON